UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | | |
|---|---|---|
| DREW MORGAN; and | § | |
| MARY HARGIS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CASE NO. 3:17-cv-00060-GFVT |
| | § | |
| MATT G. BEVIN, in his official | § | *Filed Electronically* |
| capacity as Governor of Kentucky; | § | |
| *Defendant.* | § | |

## ANSWER

Comes the Defendant, Governor Matt Bevin, sued in his official capacity as Governor of the Commonwealth of Kentucky, by counsel, and for his Answer to the Plaintiffs' Verified Complaint states as follows:

1.      With respect to the allegations in Paragraph 1 of the Verified Complaint, the Defendant denies that his official Facebook and Twitter accounts were created for the dual purposes of communicating information to, and inviting comments from, the general public.  Rather, the Defendant's official Facebook and Twitter accounts were created for the purpose of communicating the Defendant's vision, policies, and activities to constituents and, in turn, allowing constituents to provide feedback on the specific topics of those communications.  The Defendant admits that specific social media accounts have been blocked or banned from being used to make comments on his official Facebook and Twitter accounts because those blocked or banned accounts

1

were used to make comments that were obscene, abusive, off-topic, or spam. The Defendant lacks the information necessary to determine whether any of the blocked or banned social media accounts are owned, controlled by, or associated with the Plaintiffs, and therefore denies any allegations to that effect. The Defendant also denies that the blocking or banning of comments from any social media accounts is, or has been, done due to the viewpoints expressed in comments from those accounts. The Defendant denies all other allegations in Paragraph 1 of the Verified Complaint.

2.  The Defendant admits the allegations in Paragraph 2 of the Verified Complaint.

3.  The Defendant admits the allegations in Paragraph 3 of the Verified Complaint.

4.  The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Verified Complaint, and therefore denies those allegations.

5.  The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Verified Complaint, and therefore denies those allegations.

6.  The Defendant admits the allegations in Paragraph 6 of the Verified Complaint with the exception that he states that his official residence is located in Franklin County, Kentucky, and his personal private resident is located in Jefferson County, Kentucky.

7.     In response to the allegations in Paragraph 7 of the Verified Complaint, the Defendant admits that Twitter is an online social media network.  The Defendant further states that the article cited in Paragraph 7 of the Verified Complaint speaks for itself.

8.     The Defendant admits that individuals who register a Twitter account may post Tweets, comment on others' Tweets, and view the comments posted by others.  The Defendant denies all other allegations in Paragraph 8 of the Verified Complaint.

9.     In response to the allegations in Paragraph 9 of the Verified Complaint, the Defendant states that Twitter's Terms of Service speaks for itself.

10.     In response to the allegations in Paragraph 10 of the Verified Complaint, the Defendant admits that registered Twitter users may block other accounts.  As to the remaining allegations in Paragraph 10 of the Verified Complaint, the Defendant states that the cited Twitter article speaks for itself.

11.     In response to the allegations in Paragraph 11 of the Verified Complaint, the Defendant admits that Facebook is an online social media platform that allows users to create their own individual user profiles.  The Defendant has no knowledge as to why or for what purposes Facebook has chosen to allow users to create their own individual user profiles, and therefore he denies all other allegations in Paragraph 11 of the Verified Complaint.

12.     In response to the allegations in Paragraph 12 of the Verified Complaint, the Defendant admits that Facebook users may create pages to promote brands,

places, organizations, and public figures, and that such pages are publicly available for all to view.  He further admits that "official pages" are those administered by an authorized representative of the brand, entity, or public figure.  The Defendant further states that the article cited in Paragraph 12 of the Verified Complaint speaks for itself.

13.     In response to the allegations in Paragraph 13 of the Verified Complaint, the Defendant states that Facebook's Terms of Service speaks for itself.

14.     In response to the allegations in Paragraph 14 of the Verified Complaint, the Defendant states that Facebook's Terms of Service speaks for itself.

15.     In response to the allegations in Paragraph 15 of the Verified Complaint, the Defendant admits that a Facebook user may ban other accounts from being used to view or interact with their account.

16.     The Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 16 of the Verified Complaint, and therefore the Defendant denies those allegations.  The Defendant further states that the cited article speaks for itself.

17.     In response to the allegations in Paragraph 17 of the Verified Complaint, the Defendant states that banning an account from one's Facebook page imposes limits on the banned account, but denies that any limits are placed on any particular individual.  The Defendant denies all further allegations in Paragraph 17 of the Verified Complaint and states that the cited article speaks for itself.

18.     The Defendant admits the allegations in Paragraph 18 of the Verified Complaint and further states that the cited article speaks for itself.

19.     The Defendant admits the allegations in Paragraph 19 of the Verified Complaint and further states that the cited article speaks for itself.

20.     The allegations in Paragraph 20 of the Verified Complaint are legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies those allegations.

21.     The Defendant admits the allegations in Paragraph 21 of the Verified Complaint.

22.     The Defendant admits the allegations in Paragraph 22 of the Verified Complaint.  The Defendant further states that the cited article speaks for itself.

23.     In response to the allegations in Paragraph 23 of the Verified Complaint, the Defendant admits that the @GovMattBevin Twitter account is an open account that is viewable by the public.  The Defendant further states that comments can be left on the @GovMattBevin Twitter account through any Twitter account that has not been blocked.  The Defendant denies all other allegations in Paragraph 23 of the Verified Complaint.

24.     In response to the allegations in Paragraph 24 of the Verified Complaint, the Defendant admits that he uses the @GovMattBevin Twitter account to communicate his vision, policies, and activities to constituents and, in turn, allow constituents to provide feedback on the specific topics of those messages.  Allegations concerning the capacity in which the Defendant uses the @GovMattBevin Twitter

account are legal conclusions to which no response is required.  The Defendant denies all other allegations in Paragraph 24 of the Verified Complaint.

25.     The Defendant denies the allegations in Paragraph 25 of the Verified Complaint.

26.     The Defendant admits the allegations in Paragraph 26 of the Verified Complaint.

27.     In response to the allegations in Paragraph 27 of the Verified Complaint, the Defendant states that registered Twitter users whose accounts have been blocked by the @GovMattBevin may not use their blocked accounts to view the content of any comments posted on the @GovMattBevin account and may not use their blocked accounts to post comments on the @GovMattBevin.  The Defendant otherwise denies the allegations in Paragraph 27 of the Verified Complaint.

28.     The Defendant admits that numerous Twitter accounts have been blocked by the @GovMattBevin account.

29.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Verified Complaint, and therefore denies those allegations.

30.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Verified Complaint, and therefore denies those allegations.

31.     The Defendant generally admits the allegations in Paragraph 31 of the Verified Complaint but denies that his property taxes were overdue.

32.     In response to the allegations in Paragraph 32 of the Verified Complaint, the Defendant states that while Plaintiff Morgan's comments on the Defendant's official Twitter account may not have been obscene, abusive, defamatory, or otherwise in violation of Twitter's Terms of Service, they were off-topic.

33.     In response to the allegations in Paragraph 33 of the Verified Complaint, the Defendant states that a Twitter account whose "handle" is @GoBigBlueDrew has been blocked by the @GovMattBevin account.   The Defendant otherwise denies the allegations in Paragraph 33 of the Verified Complaint.

34.     The Defendant denies the allegations in Paragraph 34 of the Verified Complaint.

35.     The Defendant lacks sufficient knowledge or information to admit or deny any allegations about what Plaintiff Morgan wishes to do, and therefore Defendant denies all such allegations in Paragraph 35 of the Verified Complaint.  The Defendant denies all other allegations in Paragraph 35 of the Verified Complaint as well.

36.     The Defendant admits the allegations in Paragraph 36 of the Verified Complaint.

37.     The Defendant admits the allegations in Paragraph 37 of the Verified Complaint.

38.     In response to the allegations in Paragraph 38 of the Verified Complaint, the Defendant admits that the Governor Matt Bevin Facebook page is a "verified"

page.  The Defendant further states that the article cited in Paragraph 38 of the Verified Complaint speaks for itself.

39.     The Defendant admits the allegations in Paragraph 39 of the Verified Complaint.

40.     In response to the allegations in Paragraph 40 of the Verified Complaint, the Defendant admits that he uses the Governor Matt Bevin Facebook page to communicate his vision, policies, and activities to constituents and, in turn, allow constituents to provide feedback on the specific topics of those messages.  Allegations concerning the capacity in which the Defendant uses the Governor Matt Bevin Facebook page are legal conclusions to which no response is required.  The Defendant denies all other allegations in Paragraph 40 of the Verified Complaint.

41.     The Defendant denies the allegations in Paragraph 41 of the Verified Complaint.

42.     In response to the allegations in Paragraph 42 of the Verified Complaint, the Defendant states that registered Facebook users whose accounts have been banned by the Governor Matt Bevin Facebook account may not use their banned accounts to comment on the Governor Matt Bevin Facebook account or "like" any of the content on that account.  The Defendant otherwise denies the allegations in Paragraph 42 of the Verified Complaint.

43.     The Defendant admits that numerous Facebook accounts have been banned from the Governor Matt Bevin Facebook account.

44.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Verified Complaint, and therefore denies those allegations.

45.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Verified Complaint, and therefore denies those allegations.

46.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Verified Complaint, and therefore denies those allegations.

47.     The Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Verified Complaint, and therefore denies those allegations.

48.     In response to the allegations in Paragraph 48 of the Verified Complaint, the Defendant states that a Facebook account identified as "Mary Hargis" has been banned by the Governor Matt Bevin Facebook account.  The Defendant otherwise denies the allegations in Paragraph 48 of the Verified Complaint.

49.     The Defendant denies the allegations in Paragraph 49 of the Verified Complaint.

50.     The Defendant lacks sufficient knowledge or information to admit or deny any allegations about what Plaintiff Hargis wishes to do, and therefore Defendant denies all such allegations in Paragraph 50 of the Verified Complaint.  The

Defendant denies all other allegations in Paragraph 50 of the Verified Complaint as well.

51.     The Defendant admits the allegations in Paragraph 51 of the Verified Complaint.

52.     The Defendant denies the allegations in Paragraph 52 of the Verified Complaint.

53.     The Defendant denies the allegations in Paragraph 53 of the Verified Complaint.

54.     The Defendant admits the allegations in Paragraph 54 of the Verified Complaint.

55.     The Defendant denies the allegations in Paragraph 55 of the Verified Complaint.

56.     The Defendant denies the allegations in Paragraph 56 of the Verified Complaint.

57.     The Defendant denies the allegations in Paragraph 57 of the Verified Complaint.

58.     In response to the allegations in Paragraph 58 of the Verified Complaint, the Defendant re-alleges, reiterates, and incorporates by reference all responses made to the allegations in Paragraph 1-57.

59.     The Defendant denies the allegations in Paragraph 59 of the Verified Complaint.

60.     The Defendant denies the allegations in Paragraph 60 of the Verified Complaint.

61.     In response to the allegations in Paragraph 58 of the Verified Complaint, the Defendant re-alleges, reiterates, and incorporates by reference all responses made to the allegations in Paragraph 1-60.

62.     The Defendant denies the allegations in Paragraph 62 of the Verified Complaint.

63.     The Defendant denies the allegations in Paragraph 63 of the Verified Complaint.

64.     All allegations in the Verified Complaint that are not expressly admitted herein are hereby denied.

65.     The Defendant denies any and all grounds for relief asserted by the Plaintiffs.

## AFFIRMATIVE DEFENSES

66.     The Plaintiffs' claims fail to state a claim upon which relief can be granted.

67.     The Plaintiffs have suffered no injuries and therefore have no standing.

68.     The Plaintiffs' claims are barred by the doctrine of unclean hands.

69.     The Plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

70.     Plaintiffs' claims may be barred, in whole or in part, by any and all equitable and other defenses set forth in the Federal Rules of Civil Procedure.

11

71.     The Defendant reserves the right to amend this Answer pursuant to Fed. R. Civ. P. 15 and to raise additional affirmative defenses and assert any third party complaints, counterclaims, or cross-claims, as necessary, after discovery and an investigation into the facts and circumstances of this case.

WHEREFORE, the Defendant respectfully demands the following:

1.  That the Plaintiffs' Verified Complaint be dismissed with prejudice;

2.  That the Defendant be awarded reasonable attorneys' fees;

3.  That the Defendant be awarded all court costs herein expended; and

4.  That the Defendant be granted any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ S. Chad Meredith
M. Stephen Pitt
S. Chad Meredith
Office of the Governor
700 Capital Avenue, Suite 101
Frankfort KY  40601
(502) 564-2611 (phone)
Steve.Pitt@ky.gov
Chad.Meredith@ky.gov
*Attorneys for Governor Bevin*

## CERTIFICATE OF SERVICE

A true copy of the foregoing will be served electronically via ECF upon all counsel of record on this the 24th day of August, 2017.

/s/ S. Chad Meredith
Attorney for Governor Bevin