UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | | |
|---|---|---|
| DREW MORGAN; and<br>MARY HARGIS,<br>　*Plaintiffs,*<br><br>　　v.<br><br>MATT G. BEVIN, in his official<br>capacity as Governor of Kentucky;<br>　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:17-cv-00060-GFVT<br><br>*Filed Electronically* |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Plaintiffs' Notice of Supplemental Authority continues their pattern of relying on poorly reasoned and easily distinguishable cases from other jurisdictions to convince this Court that its initial judgment was wrong. This time they point to the Second Circuit's recent decision in *Knight First Amendment Institute at Columbia University v. Trump*, No. 18-1691-cv, 2019 WL 2932440 (2d Cir. July 9, 2019), a superficially similar case about the President's Twitter account. But, like the other cases the Plaintiffs have relied on, *Knight First Amendment Institute* provides little help for the Court here. There are at least five reasons why.

*First*, unlike Governor Bevin, the President conceded that he blocks accounts based on the viewpoints they express in comments. *See id.* at *4 ("The President concedes that he blocked the Individual Plaintiffs because they posted tweets that criticized him or his policies."). So the Second Circuit did not even consider whether a reasonable, viewpoint-neutral policy like Governor Bevin's passes scrutiny. And there is absolutely no evidence that Governor Bevin's policy is anything but viewpoint neutral. [Doc. 63-4, Brickman Dep. At 126:18–127:15]. It applies to *all* obscene, abusive, and repeatedly off-topic comments regardless of whether they express support or criticism of the Governor's policies. This is the very definition of a viewpoint-neutral policy. Moreover, despite their best efforts, the Plaintiffs

have failed to produce any evidence showing that the Governor has blocked even a single account based on viewpoint—and no such evidence exists.

*Second*, even when the Second Circuit addresses a relevant issue in *Knight First Amendment Institute*, the analysis is shockingly sparse.  For example, its government speech analysis is superficial and suffers from most of the same defects as the district court opinion that it affirms.  Likewise, in two sentences, the court simply declares that the President's Twitter account is a public forum.  *See id.* at *6.  That kind of conclusory analysis offers little help here because it is far afield from the proper inquiry.  If this Court reaches the forum question, the Plaintiffs must show that Governor Bevin *clearly intended* to turn his social media accounts into designated public fora—*i.e.*, non-traditional public fora that are open to the same kind of unfettered and indiscriminate public use as traditional public fora.  *See Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 270 (1988); *Miller v. City of Cincinnati*, 622 F.3d 524, 534 (6th Cir. 2010).  Yet the record lacks any evidence supporting such a claim.  And no amount of weak reasoning from other courts changes that fact.

*Third*, it goes without saying that the Second Circuit's decision is not binding.[1]  At most, it would provide only persuasive guidance.  But there is nothing persuasive about a decision that resolves significant and novel issues—such as whether a social media account is a public forum—with as little analysis as the Second Circuit employs.  The quality of the legal reasoning matters when this Court looks to other jurisdictions for guidance.  *See Cronin v. Ky. Horse Park Found., Inc.*, Civ. A. No. 5:15-197-KKC, 2016 WL 1633294, at *2 (E.D. Ky. April 22, 2016) ("This Court's decision to follow persuasive authority turns on several factors including . . . whether the persuasive authorities employ logical reasoning[.]") (internal quotation marks omitted).  On that front, *Knight First Amendment Institute* leaves much to be

---

[1] Moreover, the Second Circuit's decision is not even final yet.  *See, e.g., Powell v. Sepanek*, Civil No. 0:13-072-HRW, 2013 WL 3423263, at *2 (E.D. Ky. July 8, 2013) (holding that "the decision of a federal appeals court is not final until the court enters its mandate" (citing Fed. R. App. P. 41; *United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008); *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999))).

desired.

*Fourth*, the Second Circuit's opinion only addresses the President's use of Twitter. The case at hand, however, also involves Facebook, which functions differently than Twitter and therefore involves different factual considerations.

*Fifth*, none of the above matters much anyway because the Plaintiffs do not have standing—an issue that was not argued on appeal in *Knight First Amendment Institute*, and which the Second Circuit's opinion cavalierly addresses in a short footnote. *See Knight First Amendment Inst.*, 2019 WL 2932440, at *4 n.3.

*Knight First Amendment Institute* is superficial, poorly reasoned, and not binding on this Court. Thus, it provides no valid grounds for this Court to abandon its earlier reasoning in this case. Based on that reasoning—or any of the alternative grounds set forth in the Governor's briefs—this Court should grant summary judgment in Governor Bevin's favor.

Respectfully submitted,

/s/ S. Chad Meredith
M. Stephen Pitt
S. Chad Meredith
Matthew F. Kuhn
Brett R. Nolan
Office of the Governor
700 Capital Avenue, Suite 101
Frankfort KY  40601
(502) 564-2611 (phone)
Steve.Pitt@ky.gov
Chad.Meredith@ky.gov
Matt.Kuhn@ky.gov
Brett.Nolan@ky.gov
*Attorneys for Governor Bevin*

## CERTIFICATE OF SERVICE

A true copy of the foregoing will be served electronically via ECF upon all counsel of record on this the 15th day of July, 2019.

/s/ S. Chad Meredith